15-3404
*United States v. Romain*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 1st day of February, two thousand seventeen.

Present:   ROBERT A. KATZMANN,
                     *Chief Judge*,
              AMALYA L. KEARSE,
              DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                     *Appellee*,

              v.                                                    No. 15-3404

AUSTIN ROMAIN, AKA Steve Smith,
AKA Sealed Defendant 1,

                     *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | Russell Capone, Martin S. Bell, and Micah W.J. Smith, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | Nicholas J. Pinto, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Austin Romain was a corrections officer at Rikers Island charged in connection with a scheme to distribute marijuana and tobacco to inmates in exchange for payment. Romain now appeals from the judgment of the United States District Court for the Southern District of New York (Sweet, *J.*) convicting him after a jury trial of one count of bribery, one count of wire fraud, and one count of conspiracy to distribute and possess with intent to distribute marijuana. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.  Suppression of Evidence

Romain was arrested in June 2013 and two cellphones were seized from his person at that time. Law enforcement subsequently submitted an application for a warrant to search the contents of those phones, which the district court granted. Romain primarily argues that this warrant was insufficiently particular because the text of the warrant itself, as opposed to the supporting documents submitted with the warrant application, did not reference the criminal statutes he was charged with violating. He further argues that this deficiency was so obvious that the good faith exception to the exclusionary rule should not apply.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents," *Groh v. Ramirez*, 540

2

U.S. 551, 557 (2004), and "unincorporated, unattached supporting documents [do not] cure an otherwise defective search warrant," *United States v. Rosa*, 626 F.3d 56, 64 (2d Cir. 2010). Here, the government concedes that the warrant was facially deficient for failing to reference the criminal statutes that Romain was accused of violating even though the supporting documents did contain that information.

However, "[a] violation of the Fourth Amendment does not necessarily result in the application of the exclusionary rule." *Id.* The "sole purpose" of the exclusionary rule "is to deter future Fourth Amendment violations," *Davis v. United States*, 564 U.S. 229, 236–37 (2011), and for this reason the Supreme Court has "limited the rule's operation to situations in which this purpose is . . . most efficaciously served," *id.* at 237 (internal quotation marks omitted). Exclusion of evidence is particularly inappropriate "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope," *United States v. Leon*, 468 U.S. 897, 920 (1984), because "an officer is [not] required to disbelieve a judge who has just advised him, by word and by action, that the warrant he possesses authorizes him to conduct the search he has requested," *Massachusetts v. Sheppard*, 468 U.S. 981, 989–90 (1984). Nevertheless, evidence obtained pursuant to a warrant should be excluded in any of the following circumstances: "(1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; [or] (4) where the warrant is so facially deficient that reliance upon it is unreasonable." *United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992) (citing *Leon*, 468 U.S. at 923). These exceptions reflect the general rule that, "[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently

3

culpable that such deterrence is worth the price paid by the justice system." *Herring v. United States*, 555 U.S. 135, 144 (2009).

Romain's argument that the warrant here was "so facially deficient that reliance upon it [was] unreasonable," *Moore*, 968 F.2d at 222 (citing *Leon*, 468 U.S. at 923), is foreclosed by this Court's decision in *Rosa*. Here, as in *Rosa*, the supporting documents but not the warrant itself detailed the relevant criminal offenses being investigated and described the relationship between those crimes and the search sought to be conducted. *See* App. 21, 25–29; *Rosa*, 626 F.3d at 58–59. Paralleling *Rosa*, the district court credited the government's assertions that the agent who reviewed the contents of the device seized and prepared the warrant and supporting materials "did not search items other than what [he] would have searched had the Warrant referenced the statute." App. 100; *see also Rosa*, 626 F.3d at 66 (officers acted "as though the limitations contemplated by the supporting documents were present in the warrant itself"). Indeed, Romain advances no argument that law enforcement's failure to cite the relevant criminal statutes or timeframe in the warrant when contemporaneously submitted supporting documents included this information was "sufficiently deliberate that exclusion can meaningfully deter [such a failure], and sufficiently culpable that such deterrence is worth the price paid by the justice system." *Herring*, 555 U.S. at 144. In light of the foregoing, the district court did not err by denying Romain's motion to suppress.

Romain also argues, relying on *United States v. Galpin*, 720 F.3d 436 (2d Cir. 2013), that the warrant was overbroad because it permitted seizure of "any" or "any and all" evidence on the phone in seven enumerated categories. Contrary to Romain's suggestion, *Galpin* does not hold that the use of the phrase "any and all" in a warrant is impermissible. In *Galpin*, we observed that the items listed in the warrant were wholly unrelated to the only offense that law enforcement

4

had probable cause to believe the defendant had committed and that the warrant thus did not "describe with adequate particularity the items to be seized by their relation to designated crimes." *Id.* at 450 (emphasis and internal quotation marks omitted); *see also id*. at 449. We also observed that failing to provide "any guidance . . . as to what kinds of files" should be seized from "storage device[s]" listed in the warrant rendered that warrant overbroad. *Id*. at 450. Here, by contrast, the "kinds of files," *id*., to be seized from the cellphone were enumerated and included: (1) telephone numbers; (2) caller identification information; (3) call log information; (4) recently called numbers; (5) address information; (6) voicemails, text messages, emails, and photographs; and (7) the content of "apps." And Romain does not allege that these items are wholly unrelated to the crimes for which probable cause was established. As a result, the warrant was not overbroad.

## II.    Coconspirator Testimony

Romain next argues that the district court erred by admitting coconspirator statements that were not made in furtherance of the alleged conspiracy. We review the district court's conclusions on this factual question for clear error, *see United States v. Thai*, 29 F.3d 785, 814 (2d Cir. 1994), and we find no such error here. In the recorded conversations memorialized in Government Exhibits 301 and 306, one of Romain's coconspirators explains that he will "get this shit together like how we planned," App. 112, states that Romain "[g]ave [him] the thumbs up," App. 115, instructs someone to call another coconspirator, and expresses confidence that "this shit [was] going to start coming in," App. 115. Romain argues that these statements are "idle chatter," Def. Br. 22, rather than statements "providing information or reassurance to a coconspirator, seeking assistance from a coconspirator," *United States v. Rivera*, 22 F.3d 430, 436 (2d Cir. 1994), or "inform[ing coconspirators] as to the progress or status of the conspiracy,"

5

*United States v. Maldonado-Rivera*, 922 F.2d 934, 959 (2d Cir. 1990). Even if, *arguendo*, Romain's view of the conversations were plausible, "[w]here there are two permissible views of the evidence, the district court's choice between them cannot be deemed clearly erroneous." *Thai*, 29 F.3d at 814. Furthermore, given Romain's own characterization of the recordings as "idle chatter," Def. Br. 22, we "can conclude with fair assurance" that, if that was so, their admission "did not substantially influence the jury," *United States v. Al-Moayad*, 545 F.3d 139, 164 (2d Cir. 2008) (internal quotation mark omitted). As a result, the district court did not clearly err by finding that the statements in Exhibits 301 and 306 were made in furtherance of the conspiracy.

We have considered all of Romain's remaining arguments and find them to be without merit. For the reasons given, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk